UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| MORRIS JOSEPH "SKIP" EHRLICH III, FIRST PRESBYTERIAN CHURCH OF TEXAS CITY, TEXAS, PRESBYTERY OF NEW COVENANT, INC. and PRESBYTERIAN CHURCH (U.S.A.), | § § § § § § § | JURY DEMANDED |
| Defendants. | § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Presbytery of New Covenant, Inc. files this notice of removal and removes the action filed in the District Court of Galveston County, Texas, 122nd Judicial District, to the United States District Court for the Southern District of Texas, Galveston Division. As grounds for removal, Defendant states the following:

### The Removing Party is Defendant in a State Court Civil Action

1. Defendant Presbytery of New Covenant, Inc. is a defendant in a civil action pending in the 122nd District Court of the State of Texas, County of Galveston, entitled Cause No. 09-CV-2229; *Jane Doe vs. Morris Joseph "Skip" Ehrlich III, First Presbyterian Church of Texas City, Texas, Presbytery of New Covenant, Inc. and Presbyterian Church (U.S.A.)* (the "State Action").

### Process, Pleadings, and Orders Served on Defendants

2. True and correct copies of all process, pleadings, and orders served upon this Defendant in the State Action are being filed with this notice as required by 28 U.S.C. §1446(a) and Local Civil Rule ("LR") 81, and are included in the Index of Documents attached hereto and are incorporated by reference for all purposes herein.

3. Pursuant to LR 81, an Index of the Documents filed in the State Action is attached hereto as Exhibit "A" and is incorporated by reference for all purposes herein.

4. Pursuant to LR 81, a certified copy of the docket sheet in the State Action is attached hereto as Exhibit "B" and is incorporated by reference for all purposes herein.

5. Pursuant to LR 81, a List of Counsel of Record and Parties Represented is attached hereto as Exhibit "C" and is incorporated by reference for all purposes herein.

### Commencement of State Court Action

6. This action was commenced on December 4, 2009, when Plaintiff filed her original petition in the State Action. Ex. A-1. In her Original Petition, Plaintiff alleges various state law causes of action against the defendants based upon alleged sexual assault and alleged sexual exploitation. Plaintiff further expressly alleges that her rights under the Fourteenth Amendment to the United States Constitution were violated and asserts a cause of action under 42 U.S.C. §1983. *See* Ex. A-1 at 8-9, ¶¶ 27-32.

7. Defendant timely answered Plaintiff's original petition on January 7, 2010. *See* Ex. A-5.

### Timely Notice of Removal

8. Plaintiff first alleged that the conduct of Defendant violated her constitutional rights in her Original Petition, which was served on Defendant on December 17, 2009. Defendant was the first served Defendant in the State Action. Accordingly, this Notice of

50290485.1

Removal has been timely filed as it has been filed within 30 days of receipt of the initial pleading in which allegations giving rise to a removable claim for relief were made and is timely under 28 U.S.C. §1446(b). *See* Fed. R. Civ. P. 6(a) (providing that when the period for filing is stated in days, the day of the event is excluded and the last day is the end of the day that is not a Saturday, Sunday, or legal holiday; and further providing that Martin Luther King Jr.'s Birthday is a "legal holiday").

### Statement of Original Jurisdiction

9. The district courts of the United States have original jurisdiction over this action based on federal question jurisdiction, in that Plaintiff has alleged the deprivation of her rights under the Fourteenth Amendment of the United States Constitution, in violation of 42 U.S.C. § 1983. *See, e.g., Cervantez v. Bexar Cty. Civil Service Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996) ("[T]here is no question that section 1983 cases filed in state court may be removed to federal court because they are cases that could have been originally filed in federal court.").

10. Because this action arises under the Constitution, laws, or treaties of the United States, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. §1331. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims, as they are related to the claims within the Court's original jurisdiction in that Plaintiffs contend these claims form part of the same claim or controversy. 28 U.S.C. §1367(a). Thus, removal is appropriate under 28 U.S.C. §1441(a) and (b).

### Venue is Proper in the Galveston Division

11. Under 28 U.S.C. §1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the State Action is pending, as the Galveston Division of the Southern District of Texas encompasses Galveston County, Texas.

### Notice to Adverse Parties and State Court District Clerk

12. Defendant, as the removing party, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).

13. Further, pursuant to 28 U.S.C. §1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the 122nd District Court of the State of Texas, Galveston County, where the State Action is currently pending.

### Consent to Removal

14. The remaining defendants have consented to this Notice of Removal and will, if necessary, file written instruments signifying their consents.

### Additional Procedural Matter

15. Pursuant to LR3, a civil action cover sheet is being filed with this Notice of Removal.

16. Plaintiff demanded a jury in the State Action and paid the jury fee, as reflected by the docket sheet in the State Action.

WHEREFORE, Presbytery of New Covenant, Inc., in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, remove the case styled: *Jane Doe vs. Morris Joseph "Skip" Ehrlich III, First Presbyterian Church of Texas City, Texas, Presbytery of New Covenant, Inc. and Presbyterian Church (U.S.A.)*.; Cause No. 09-CV-2229; from the 122nd District Court of the State of Texas, Galveston County, on this 19th day of January, 2010.

Respectfully submitted,

*[signature]*

Reagan M. Brown
State Bar No. 03.162200
Federal ID No. 4644
FULBRIGHT & JAWORSKI L.L.P.
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Telecopy: (713) 651-5246

Glynis L. Zavarelli
WENTZ & ZAVARELLI, L.L.P.
State Bar No. 00788743
222 W. Las Colinas Blvd., Ste. 1346E
Irving, Texas 75039
Telephone: (469) 665-9100
Telecopy: (469) 665-9106

**COUNSEL FOR DEFENDANT PRESBYTERY OF NEW COVENANT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record this 19th day of January, 2010.

Darrell A. Apffel
Bettison Doyle Apffel & Guarino P.C.
6710 Stewart Road, Suite 300
Galveston, Texas 77551

Glynis L. Zavarelli
Wentz & Zavarelli, L.L.P.
222 W. Las Colinas Blvd., Ste. 1346E
Irving, Texas 75039

Michael D. Hudgins
The Hudgins Law Firm
A Professional Corporation
24 Greenway Plaza, Suite 2000
Houston, Texas  77046

David L. Miller
Miller, Scamardi & Carrabba P.C.
6525 Washington Ave.
Houston, Texas  77007

_____
Reagan M. Brown